IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05cv426-T |
| | ) | WO |
| MORRIS RAMSEY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion for Voiding Drug Weight Enhancement for Lack of Jurisdiction and Re-sentence Within Defined Range Authorized by Jury Verdict*" (Doc. 2), filed by federal inmate Morris Ramsey ("Ramsey") on March 18, 2005.[1] By his motion, Ramsey challenges the sentence of imprisonment imposed upon him by this court for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. Upon review of Ramsey's motion, it is clear that he is entitled to no relief from this court.

**I. DISCUSSION**

In his motion, Ramsey claims that his sentence violates the holdings of the Supreme

---

[1] Although the motion is date stamped "received" on March 21, 2005, the motion was signed by Ramsey on March 18, 2005. A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Ramsey's motion] was delivered to prison authorities the day [she] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court assumes that March 18, 2005, should be considered the date of filing for Ramsey's motion.

Court's recent decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004). Ramsey's asserted claims attack the fundamental validity of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction or sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[2] *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing her motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they

---

[2]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Ramsey seeks relief from this court which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.

This is the third § 2255 motion filed by Ramsey attacking his convictions and sentence. Ramsey's first § 2255 motion was filed on August 15, 1997. *See United States v. Ramsey*, CR No. 3:94cr25 (Doc. 585). That motion was granted with respect to claims of ineffective assistance of counsel during sentencing, and Ramsey was re-sentenced on March 27, 2000. *See Jul. 26, 1999, Recommendation of Magistrate of Judge* (Doc. 763 in CR No. 3:94cr25); *Aug. 12, 1999, Order of District Court Judge Adopting Recommendation* (Doc. 766 in No. CR 3:94cr25); *Mar. 27, 2000, Amended Judgment in a Criminal Case* (Doc. 818 in CR No. 3:94cr25). Ramsey appealed this sentence, and the case was "affirmed in part and reversed in part, [because] the district court re-sentenced Appellants without the benefit of the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)." *See United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003). "In all other respects, however, [the appellate court found] no merit in Appellants' arguments...." *Id*. On remand, Ramsey was again re-sentenced. *See Jan. 9, 2002, Amended Judgment in a Criminal Case* (Doc. 900 in CR No. 3:94cr25).

Ramsey's second § 2255 motion was filed on January 26, 2005. *See United States v. Ramsey*, CV No. 3:05cv82 (Doc. 1). That motion was dismissed with prejudice because Ramsey had failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. *See Feb. 11, 2005, Recommendation of Magistrate of Judge* (Doc. 3 in CV No. 3:05cv82); *Mar. 3, 2005, Order of District Court Judge Adopting Recommendation* (Doc. 6 in CV No. 3:05cv82).

The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Ramsey has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider

---

[3] Aside from the statutory bar on which this Recommendation is based, Ramsey's likelihood of success on his substantive claims is nil. His claims are premised on *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004) *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), neither of which is retroactive to cases on collateral review. *See In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005), and *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Ramsey's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Ramsey on March 18, 2005, be denied and this case dismissed, as Ramsey has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 30, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

    Done this 16th day of May, 2005.


                                **/s/ Delores R. Boyd**
                                DELORES R. BOYD
                                UNITED STATES MAGISTRATE JUDGE