IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
          Plaintiff/Respondent,     )
                                    )
     v.                             )  CR. NO 3.:94cr25
                                    )
MORRIS RAMSEY,                      )        05-426
          Defendant/Petitioner.     )
                                    )

### OBJECTIONS TO MAGISTRATE'S ORDER OF MAY 6th, 2005

COMES NOW, MORRIS RAMSEY, petitioner, pro se, and files the following objection to the Honorable Magistrate's Order of May 6th, 2005 and requests this court to construe his "Motion for Voiding Weight Enhancement for Lack of Jurisdiction and Re-sentence Within Defined Range Authorized by Jury Verdict", as a Writ of Habeus Corpus pursuant to 28 U.S.C. §2241 and in support thereof states as follows:

1. By Order of May 6th, 2005, the honorable Magistrate Delores R. Boyd directed the Clerk to open a civil action under 28 U.S.C. §2255 (and further directions as a result thereof.)

2. Petitioner has already filed a §2255. Accordingly, he would be required to obtain leave to file from the Appellate Court a second or successive §2255. Petitioner's motion is neither newly discovered evidence, nor a new rule of constitutional law made expressly retroactive by the Supreme Court. Any application for leave would be denied for failing to meet the requirements under the Antiterrorism and Effective Death Penalty Act.

3. Questions of jurisdiction however are not subject to procedural default and cannot be procedurally barred. **United States v. Peter**, 310 F.3d 710 (IIth Cir. 2002). A reclassification of petitioner's motion would effectively bar jurisdictional issue presented. Such a conclusion

would be contrary to established federal law as recognized by the Eleventh Circuit and the Supreme Court of the United States.

4. Part of petitioner's sentence is unauthorized, unconstitutional and illegal.

5. The District Court has an inherent power to void an illegal part of a sentence. __United States v. Rico__, 902 F.2d 1065, 1067 (2nd Cir. 1990); __United States v. Cook__, 890 F. 2d 675 (4th Cir. 1989). Petitioner of course cannot compel court to act **sua sponte**.

6. Should this honorable court elect not to act **sua sponte**, then motion should be contrued as a Writ of Habeus Corpus. The purpose of the Great Writ was to ensure "the freedom of the subject" and as Justice Harlan concluded to ensure "that no man has been incarcerated under a procedure that creates an impermissibly large risk that the innocent has been convicted." __Desist v. United States__, 394 U.S. 244, at 262.

7. The Judiciary have been sworn to protect the Constitution. Yet by circumventing, abridging, creating and abrogating rights afforded by the Founding Father's, we are on the slippery slope to where the traditional roles of Grand Jury and Petit Jury have been replaced by a sole employee of the state. Defendants no longer answer an indictment but a Pre-Sentence Report and facts that increase punishment only have to be proved beyond a preponderance of the evidence. The Supreme Court in __In Re: Winship__, 397 U.S. 358, 364 (1970), recognized fundamental rights under the Constitution, the absence of which "so raise serious questions about the accuracy of guilty verdicts", that [n]either good faith reliance by state of federal authorities on prior constitutional law or accepted practice", is an adequate replacement for full retroactive application of the right." __Apprendi v. New Jersey__, 530 U.S. 466, 483 (2000).

8. Due Process requires that "all facts that expose a defendant to a greater punishment otherwise legally proscribed" must be proved beyond a reasonable doubt. **Ivan V. v. City of New York**, 407 U.S. 203, 204 (quoting from **Winship**). The calculation of drug weight on a hearsay riddled presentence report only satisfying a preponderance of the evidence must per se by the very nature of the standard of proof, seriously diminish the reliability of the facts used to increase sentence.

9. A premise has developed that the admission of guilt or judgement of conviction authorizes any facts from any source to be obtained and used to calculate a sentence, provided that the ultimate sentence is within the prescribed statutory maximum. In a mandatory system of sentencing, every court incorrectly interpreted the "maximum", because they neglected to understand that in a mandatory system, there were "maximums" within the prescribed U.S.Code.

Courts have further ignored that offenses themselves have degrees. Murder has first degree, second degree, manslaughter etc. A jury finds a defendant guilty of not just murder, but of the degree. Assuming a defendant were found guilty of manslaughter, that verdict would not authorize a probation officer to conduct a pre-sentence investigation and determine on reliable evidence, that the defendant was actually guilty of first degree murder, based on a preponderance of the evidence. Yet that is exactly what is being done to defendants in drug related crimes, where a conviction for any amount of drugs is used to purportedly authorize a sentence based on facts not proved beyond a reasonable doubt.

10. The District Court failed to afford petitioner the protections guaranteed by the Constitution. Petitioner's sentence exceeded the maximum, just as surely as if the court exceeded the prescribed statutory

maximum. Petitioner's sentence is shrouded by the constitutional doubt that attends a punishment solely on the basis of a preponderance of the evidence. Accordingly, even the strongest interests of finality cannot justify continued imprisonment of this petitioner.

10. The illegality of petitioner's sentence was created by the government and the court. It is requested to find a solution to it's own creation and consider petitioner's motion on it's merits.

Respectfully submitted,

This 16th day of May, 2005

*/s/ Morris Ramsey*
MORRIS RAMSEY,
#09278-002,3AU
FCI Yazoo City,
P.O. Box 5000,
Yazoo, MS. 39194

## CERTIFICATE OF SERVICE

I, MORRIS RAMSEY, hereby certify that a true copy of the "Objections to Magistrate's Order of May 6th, 2005, was served on the persons named below, by first class pre-paid U.S. Mail, by depositing same in the mailbox provided for that purposes by FCI Yazoo, on this 16th day of May, 2005

Mr. Lewis Franklin,
Assistant United States Attorney,
P.O. Box 197,
Montgomery, AL 36192

*/s/ Morris Ramsey*
MORRIS RAMSEY

-4-