IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 JUN -1  A 9: 11

UNITED STATES OF AMERICA,               )
            Plaintiff/Respondent        )
                                        )
        v.                              )      CIVIL ACTION NO. 3:05cv426-T
                                        )                       WO
MORRIS RAMSEY,                          )
            Defendant/Movant.           )
                                        )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

OBJECTIONS TO MAGISTRATE'S RECOMMENDATIONS

        COMES NOW, MORRIS RAMSEY, defendant, pro se and files the following

objections to the Magistrate's Recommendations in the above styled case.

1.      The original pleadings were filed in the manner they were because

a District Court has jurisdiction to entertain motion under an inherent power

to void an illegal part of a sentence **sua sponte**. See **United States v. Rico**

902 F. 2d 1065, 1067 (2nd Cir. 1990); **United States v. Cook**, 890 F. 2d 675

(4th Cir. 1989). Defendant of course cannot compel court to act sua sponte.

2.      The Honorable Magistrate reclassified movant's motion as a §2255

by Order of May 6th, 2005. Foreseeing that the reclassification was done for

the purpose of procedurally barring motion on the basis that leave of

Appellate Court was not obtained for a second or successive §2255, defendant

filed "Objections to Magistrate's Order" on May 16th, 2005. In particular

requesting that the court construe the original motion filed as a Writ of

Habeus Corpus, pursuant to 28 U.S.C. §2241. The Court did not have the benefit

of those objections as they were filed the same day the Recommendation of the

Magistrate Judge was issued.

3.      Defendant avers that the recommendation ignores a fundamental

concept that an issue of jurisdiction, cannot be procedurally barred which

is the ultimate effect of determining the motion to be a §2255.

-1-

4.      A Writ of Habeus Corpus, has long been available to attack convictions and sentences entered by a court without jurisdiction. See e.g. **Ex Parte Watkins**, 3 Pet 193, 202-3, 7 L Ed 650 (Marshall C.J.)

5.      The Constitution forbids the suspension of a writ of habeus corpus except in a situation of rebellion or invasion, U.S. Const. Art. 1, §9,cl.2. If an issue of jurisdiction which is fundamental to the legality of conviction and sentence, is barred from ever being presented, then that is a fundamental violation of the Constitution and a suspension of the writ of habeus corpus. To that extent, the limitations for second or successive §2255 's suspend whatever constitutional rights a defendant may have had under the suspension clause or conceivably under the due process clause, to be allowed to seek habeus corpus. Accordingly, the limitations imposed on §2255's by the Antiterrorism and Effective Death Penalty Act ("AEDPA", would be unconstitutional. For that reason, Congress retained a safety hatch in enacting the AEDPA, whereby a defendant could seek habeus corpus relief if a remedy created by §2255 was inadequate or ineffective to test the legality of the defendant's detention.

6.      The Magistrate quite correctly states the law that 28 U.S.C. §2255 is the exclusive remedy for challenging the validity of the conviction and sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." See page 2 of Recommendation and also quite correctly states that the remedy is not ineffective or inadequate merely because the motion would be procedurally barred from the gatekeeping providions of §2255. However, the conclusion ignores that a jurisdictional issue can never be barred and therefore on that basis alone §2255 is inadequate or ineffective. **Ex  Parte Watkins**.

7.     Courts have found a remedy under 28 U.S.C. §2255 to be inadequate or ineffective only in extremely limited circumstances. See **Caravallo v. Pugh**, 177 F.3d 1177 (10th Cir. 1999); **In Re: Davenport** 147 F.3d 605 (7th Cir. 605.

8.     Defendant's case falls within the limited exception because he has never been given a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence. See **Carafas v. LaVallee**, U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed 2d 554 (1968); **Price v. Johnson**, 334 U.S.266, 283, 68 S.Ct. 1049, 92 L. Ed 1356 (1948).

9.     A procedure for post-conviction relief can fairly be termed inadequate when it is so configured so as to deny a defendant **any opportunity** for judicial rectification of a fundamental  defect in his conviction. To be sentenced above the maximum sentence authorized by the Sentencing Guidelines, is a fundamental defect. To be sentenced to many more years on matters not pled in the Indictment, not found by a jury beyond reasonable doubt but by a sole employee of the state based on a preponderance of the evidence is a fundamental defect of the protections  guaranteed by the Fifth and Sixth Amendment of the Constitution.

10.     Defendant's jurisdictional argument is based on the district court's erroneous interpretation of the "maximum sentence" and failure to understand that in a mandatory system of sentencing, there were maximums within the prescribed statutory maximum of the U.S. Code. The trial judge was bound by circuit precedent that wrongly assumed the maximum sentence was that prescribed by the U.S.Code and would not have entertained any of the jurisdictional arguments presented; **stare decisis** would prevent Appellate Court from listening to issues and the Supreme Court would have denied Certiorari, as it does not view itself in the business of correcting errors of lower courts unless an issue is presented of Constitutional proportions and

they want to hear that issue, at that time. The jurisdictional error in sentencing could not have been corrected by defendant on direct review or his initial collateral attack pursuant to §2255 because establshed law prevented correction. It must be held that in this case a petition for §2255 is ineffective or inadequate to test the legality of detention. Accordingly. defendant's motion should be construed as a Petition for Writ of Habeus Corpus pursuant to 28 U.S.C. §2241 and authorized by the saving clause of §2255.

11.     The Honorable Magistrate also expresses the view (though only contained in footnote 3 of recommendation), that the likelihood of success on the substantive claims is nil, because "His claims are premised on **United States v. Booker**" and **"Blakely v. Washington"**, neither of which are retroactive to cases on collateral review." With respect, this view is simply wrong. On a number of occasions, defendant makes clear that his motion is not dependant on the retroactivity of **Blakely** or **Booker,** but on statutory interpretation, the protections afforded by the Constitution and **In Re: Winship**  397 U.S. 364 (1970).

12.     The judiciary have been sworn to protect the Constitution. Yet by circumventing, abridging, creating and abrogating rights afforded by the Founding Father's we are on the slippery slope to where the traditional roles of Grand Jury and Petit Jury have been replaced by a sole employee of     the State. Defendants no longer answer an Indictment but a Pre-sentence Report and facts that increase punishment only have to be proved on a preponderance of the evidence. The Supreme Court in **In Re: Winship**, 397 U.S. 358, 364 (1970) recognized fundamental rights under the Constitution, the absence which "so raise serious questions about the accuracy of guilty verdicts", that [n]either good faith reliance by state or federal authorities on prior constitutional law or accepted practice, is an adequate replacement for full retroactive

-4-

application of the right." **Apprendi v. New Jersey**, 530 U.S. 466, 483 (2000) (quoting from **In Re: Winship**).

13.      Due process requires that "all facts that expose a defendant to a greater punishment otherwise legally proscribed", must be proved beyond a reasonable doubt. **Ivan V. v. City of New York** 407 U.S. 203, 204 (quoting from **In Re: Winship**) The calculation of drug weight on a hearsay riddled pre-sentence report must per se by the very standard of proof, seriously diminish the reliability of the facts used to increase sentence.

14.      A premise  developed in the Federal Criminal Justice System, that the admission of guilt or judgement of conviction authorizes any facts from any source to be used to calculate a sentence, provided that the ultimate sentence is within the prescribed statutory maximum. Defendant however was convicted and sentenced in a mandatory sentencing system. Every court in the land, incorrectly interpreted the maximum, because they neglected to take into consideration that in a mandatory system there were "maximums", within the prescribed maximum of the U.S.Code. That incorrect interpretation has nothing to do with **Blakely** or **Booker,** but a statutory interpretation of the Sentencing Guidelines, in particular the excised §3353(b). District Courts often lamented that they were bound by the guidlines because they were the law and prohibited departure. The fundamental rights afforded by the Fifth and Sixth Amendment were not created by **Blakely** or **Booker**, but by the Founding Father's to prevent government oppression and arbitrary punishment.

15.      Courts have further ignored that offenses have degrees. Murder has first degree, second degree manslaughter etc. A jury finds a defendant not just guilty of murder, but of the degree. Assuming a defendant was found guilty of manslaughter, that verdict alone would not authorize a probation officer to conduct a pre-sentence investigation and determine on reliable

-5-

evidence that the defendant was actually guilty of first degree murder on a preponderance of the evidence. Yet that is <u>exactly</u> what is being done to defendants in drug related crimes, where a conviction for any amount of drugs is used to purportedly authorize a sentence based on facts not proved beyond a reasonable doubt.

16.      Interestingly, the judiciary then use the first degree murder cases such as **Ring v. Arizona**, 536 U.S. 584 (2002); **Schriro v. Summerlin**, 124 S.Ct. 2519 (2004) and **Dobbert v. Florida**, 432 U.S. 282, 97 S.Ct. 2290 (1997) [amongst others], where the highest degreee for the offense has been found by a jury beyond reasonable doubt, to rule against cases, where initially only the lowest degree has been found. In a mandatory system of sentencing,  drug related crimes also have degrees. These are contained in a Drug Quantity Table §2DI.I and a district court is prohibited by the guidelines from departing an offence level unless authorized to do so. That authority derives from an admission of the facts or supported by the jury verdict alone. The prohibition to depart was not created by **Blakely** or **Booker,** but by the designers of the Sentencing Guidelines. If that were not the case, then §§3353(b) and 3742(e), would not have required excise from the guidelines.

17.      The District Court unwittingly failed to afford defendant the protections guaranteed by the Constitution. Movant's sentence exceeded the maximum, just as surely as if the Court exceeded the prescribed statutory maximum of the U.S. Code. Defendant's sentence is shrouded by the constitutional doubt that attends punishment soley on the basis of a preponderance of the evidence. Accordingly, even the strongest interests of finality, cannot justify continued imprisonment of this defendant.

18.      The illegality of defendant's sentence is plain and obvious.

-6-

`19.        For the reasons  stated herein, this honorable court is requested

in the interests of justice, to make the appropriate orders.


                                            Respectfully submitted,

This 22nd Day of May, 2005



                                            *Morris Ramsey*
                                            MORRIS RAMSEY,
                                            #09278-002, 3AU,
                                            FCI Yazoo City,
                                            P.O.Box 5000,
                                            Yazoo, MS. 39194

### CERTIFICATE OF SERVICE

        I, MORRIS RAMSEY, hereby certify that a true copy of the "Objections
to Recommendation of Magistrate" was served on the persons named below, by
first class pre-paid U.S. Mail, by depositing same in the mailbox provided
for that purpose by FCI Yazoo, on this 22nd Day of May 2005.


            Mr. Lewis Franklin,
            Assistant United States Attorney,
            P.O.Box 197,
            Montgomery, AL. 36192



                                            *Morris Ramsey*
                                            MORRIS RAMSEY